**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | 3:21-CR-90 |
| v. | : | |
| | : | (JUDGE MANNION) |
| **DAHVEED DEAN,** | : | |
| **Defendant** | : | |

# MEMORANDUM

## I.  BACKGROUND[1]

On January 31, 2017, defendant Dahveed Dean, formerly an inmate at USP Canaan in Waymart, Pennsylvania, was charged in a one-count indictment with assault of a corrections officer in violation of 18 U.S.C. §111(a)(1). (Doc. 1, 17-cr-15). On February 10, 2017, Dean was arraigned and entered a plea of not guilty. Because Dean was serving a prior federal sentence, he was detained at the Lackawanna County Prison ("LCP") pending trial in this case.

---

[1] The complete factual and procedural background of this case was stated in the court's March 8, 2021 Memorandum dismissing without prejudice the original Indictment against defendant Dean based on violation of his rights under the Speedy Trial Act, pursuant to 18 U.S.C. §3162(a)(2). (Doc. 117, 17-cr-15, M.D. Pa.). Thus, it will not be fully repeated herein.

1

On August 14, 2020, Dean filed a motion to dismiss the indictment pursuant to the Speedy Trial Act ("STA"), 18 U.S.C. §3161, and his 6th Amendment right. (Doc. 102, 17-cr-15).

On March 8, 2021, the court issued a Memorandum and granted Dean's motion to dismiss the indictment for violation of his rights under the STA, pursuant to 18 U.S.C. §3162(a)(2). (Doc. 117, 17-cr-15). The court held that the dismissal of the indictment was without prejudice to the government's right to re-indict Dean. The court denied Dean's motion to dismiss based on his claim of a 6th Amendment speedy trial right violation. The court also directed the government to re-indict Dean within 30 days of the date of its accompanying Order, if it chose to re-prosecute Dean.

On March 30, 2021, a grand jury approved of a new one-Count Indictment against Dean again charging him with assaulting a corrections officer at USP Canaan on July 15, 2016. (Doc. 1, 21-cr-90).

On April 1, 2021, Dean was arraigned and plead not guilty to the charge, and he was ordered detained at LCP.[2] Also, on this day, the court issued a scheduling order setting the trial for June 1, 2021, and set the motions deadline for April 21, 2021. (Doc. 12).

New counsel was appointed for Dean on April 12, 2021, and on April 27, 2021 the court issued a new scheduling order setting the final pre-trial

---

[2]Dean has remained confined in LCP since he was originally indicted in January 2016.

conference ("FPTC") for May 14, 2021, since no pre-trial motions were filed, and the trial date remain unchanged. (Doc. 16).

On May 10, 2021, Dean filed a motion for an extension of time to file pre-trial motions and for a continuance of the FPTC and trial, which the court granted. (Docs. 17 & 19). The court re-set the motions deadline for June 10, 2021 and the trial date was set for August 2, 2021.

On June 9, 2021, Dean filed another motion for an extension of time to file pre-trial motions and for a continuance of the FPTC and trial, which the court granted and extended the motions deadline to July 9, 2021, and set the FPTC for July 16, 2021. (Docs. 20 & 21).

On July 9, 2021, Dean filed his third motion for an extension of time to file pre-trial motions and for a continuance of the trial, which the court granted. The court re-set the motions deadline for August 9, 2021, the FPTC for September 8, 2021, and the trial date was set for September 27, 2021. (Doc. 24).[3]

On August 9 and 19, 2021, Dean filed seven pre-trial motions and motions *in limine*, as well as briefs in support of his motions. (Docs. 25-36).

---

[3]The court notes that all of the above mentioned extensions of time which it granted at the defendant's request, to file pre-trial motions, were upon a finding "that this continuance of time outweighs the best interests of the public and the defendant in a speedy trial and that the appropriate time shall be excluded under the Speedy Trial Act, 18 U.S.C. §§3161(H)(6)(A) and (7)(A)." Also, it is clear that the time afforded by the court for filing pre-trial motions is excludable.18 U.S.C. §3161(h)(1).

On September 1, 2021, the government filed its consolidated brief in opposition to all of Dean's motions. (Doc. 37).

On September 7, 2021, Dean filed his reply brief in support of his motion to dismiss based on his claim of a 6th Amendment speedy trial right violation with his Verification made under penalty of perjury attached. (Docs. 38 & 38-1).

The court will first address Dean's motion to dismiss the indictment since it is a threshold issue. A separate Memorandum will be issued regarding Dean's six other pending motions.

## II.   DISCUSSION

**Motion to Dismiss the Indictment for 6th Amendment Speedy Trial Right Violation**

As indicated above, Dean's motion to dismiss the original indictment based on a violation of his right to a speedy trial was already decided by this court in case number 17-cr-15, and the court dismissed this case without prejudice to reindict Dean for violation of the STA. (Docs. 117 & 118). Additionally, the court found no violation of Dean's 6th Amendment right to a speedy trial.

Specifically, in determining that the dismissal of this case should be without prejudice, the court considered the relevant factors, including, "the seriousness of the offense; the facts and circumstances of the case which

led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. §3162(a)(2).

In his instant motion, Dean argues that the court's prior dismissal of this case should have been with prejudice based on a violation of his 6th Amendment right to a speedy trial and essentially, that the court erred. Dean also contends that there is new evidence in support of a finding of prejudice, namely, the "onerous" pre-trial conditions of his confinement at LCP. As such, despite his assertion to the contrary and his claim that "the onerous conditions under which [he] has been confined [at LCP] continues", Dean's current motion to dismiss is akin to a motion for reconsideration of the court's March 8, 2021 decision and it will be denied.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); Chesapeake Appalachia, LLC v. Scott Petroleum, LLC, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be

granted sparingly.). "The standard for granting a motion for reconsideration is a stringent one ... [A] mere disagreement with the court does not translate into a clear error of law." Chesapeake Appalachia, LLC, 73 F. Supp. 3d at 491 (quoting Mpala v. Smith, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), aff'd, 241 Fed.Appx. 3 (3d Cir. 2007)) (alteration in original).

The burden for reconsideration is on the moving party and Dean does not demonstrate that any of the three grounds exist in his case which are required for the court to grant reconsideration. Further, since the court gave a detailed explanation in its March 8, 2021 Memorandum for denying Dean's motion to dismiss with prejudice based on a violation of his 6th Amendment speedy trial right, it will not fully repeat this discussion.

In short, since no factor under 18 U.S.C. §3162(a)(2) weighed in favor of dismissing the charge against Dean with prejudice, the court found that it would be dismissed without prejudice to allow the government to re-indict him unless the court found a violation of his 6th Amendment rights. The court then analyzed the four-part balancing test set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182 (1972), as required, to assess the merits of Dean's 6th Amendment claim. See United States v. Green, 471 F.Supp.3d 577, 595 (M.D. Pa. July 9, 2020) (citation omitted). The four factors identified the Supreme Court in Barker are: "[l]ength of delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. (citation omitted). Further, "[a]ll factors must be considered and weighed as

no one factor is dispositive nor 'talismanic.'" Id. (quoting Hakeem v. Beyer, 990 F.2d 750, 759 (3d Cir. 1993)).

As the government, in its brief, (Doc. 37 at 11), summarizes:

The Court previously found that 1) the first [Barker] factor, length of delay, only slightly favored the defendant (3:17-cr-15, Doc. 117 at 13); 2) the second factor, reason for the delay, weighed against Dean "in light of the excludable time attributable to his numerous pretrial motions" (Id. at 14.); 3) the third factor, defendant's assertion of his right to a speedy trial, "does not weigh in [Dean's] favor" because he failed to promptly assert the right (Id. at 15); and 4) under the fourth factor, prejudice to the defendant, the Court found no prejudice to Dean caused by the delay (Id. at 16-19).

Dean offers no substantiative argument to alter the court's analysis as to the first three Barker factors. However, regarding the fourth factor, prejudice to the defendant, he asserts that the very restrictive and onerous pre-trial conditions of his confinement at LCP since the original indictment was filed against him weigh in support of a finding in his favor. Dean states that while the pandemic has led to certain restrictions in both federal prison and LCP, his conditions are more restrictive than other inmates. Specifically, Dean states that "that while awaiting trial he has been subject to far more onerous conditions than he would have been if he were either in general population in the [LCP] or within a BOP facility", and that "the current conditions of [his] incarceration are not merely related to the pandemic, nor is he treated similarly as those inmates housed within general population [since] he has been housed in one of the most, …, restrictive units at [LCP]" [where he is] confined within his cell 23 hours per day, with no cellmate,

7

which is tantamount to a special housing unit used for disciplinary segregation." (Doc. 38 at 2). He contends that his conditions of confinement at LCP are not simply due to the COVID-19 pandemic and are considerably more restrictive than other inmates in general population and, that his segregation is "additional punishment" thus showing that he had been caused prejudice by the delay in this case.

In support of his contention, Dean submitted his Verification dated August 23, 2021, as new evidence in which he attests to the stated restrictive prison conditions he must endure at LCP. (Doc. 28-1). Dean compares these alleged conditions at LCP to his prior considerably less restrictive conditions of confinement at USP Canaan, where he had access to television, ability to move around the housing block, ability to speak with other inmates, and ability to attend programs and to work.

As the court in United States v. Hafner, 2020 WL 7028552, *4 (D. N.J. Nov. 20, 2020), explained:

> "The fourth and most critical *Barker* factor [is] the prejudice to the defendant from the delay[.]" Wells v. Petsock, 941 F.2d 253, 258 (3d Cir. 1991): *see also* Hakeem, 990 F.2d at 760. "Prejudice ... should be assessed in the light of the interests of defendants[,] which the speedy trial right was designed to protect." Barker, 407 U.S. at 532. In *Barker*, the Supreme Court "identified three types of prejudice resulting from a prolonged trial date: oppressive pretrial incarceration, anxiety and concern of the accused, and possible impairment of the defense." Petsock, 941 F.2d at 258 (citing Barker, 407 U.S. at 532 (noting that the possible impairment of the defense is the most serious of the three)). "With respect to all its various types, the burden of showing prejudice lies with the individual claiming the violation[,] and '[the] possibility of prejudice is not sufficient to support [the] position that ...

speedy trial rights [are being] violated.'" *Hakeem,* 990 F.2d at 760 (quoting *Loud Hawk,* 474 U.S. at 315).

Here, Dean alleges "onerous" and oppressive pre-trial conditions of his incarceration at LCP. Notwithstanding his more restrictive conditions at LCP since he was detained there after his initial indictment was filed, which are no doubt caused in part due to the COVID-19 pandemic, Dean has failed to meet his burden to show prejudice.

First, the court was well aware of the pandemic-related measures at LCP when it decided Dean's first motion to dismiss due to STA violations. In fact, prior to the court's March 8, 2021 Memorandum in Dean's case the court had ruled on various motions for compassionate release under §3582(c)(1)(A)(i) received from federal defendants who were confined at LCP and, it was apprised of the safety measures and protocols taken at this prison in order to protect inmates and staff from the virus. Thus, Dean is not alone regarding the many restrictions related to the safety measures implemented at LCP due to the COVID-19 pandemic.

Second, Dean's attempt to compare the pre-pandemic conditions at USP Canaan to the post-pandemic conditions at LCP is unavailing. As the government indicates, "[t]he Court has been regularly briefed on the COVID-19 prevention measures, including lockdowns and other restrictions, since early in 2020 when the pandemic reached our area." (Doc. 37 at 11). In particular, the court has also considered numerous motions for compassionate release under §3582(c)(1)(A)(i) received from federal

defendants who were confined in federal prisons throughout the United States since the pandemic began last year and, has repeatedly reviewed the BOP safety protocols to prevent the spread of the virus. In fact, "had Dean been serving his underlying federal sentence at a BOP facility instead of LCP, the same or similar conditions would have applied, as the BOP adopted COVID-19 prevention protocols nationwide." (Id.). *See* https://www.bop.gov/coronavirus/.

Moreover, in light of his pending charge of assaulting a corrections officer at USP Canaan, the court is cognizant of the fact that Dean would not have enjoyed the same level of privileges and the same conditions he had before the alleged incident in 2016, and before the COVID-19 pandemic in 2020, even if had stayed at this prison or was transferred to another federal prison until his case was resolved.

Thus, in reconsidering the Barker factors, particularly the fourth one, the court again finds that they do not establish a violation of Dean's 6th Amendment right to a speedy trial. As such, Dean's motion to dismiss will be denied.

## III. CONCLUSION

Accordingly, Dean's motion to dismiss the indictment, **(Doc. 1)**, based on his claim of a 6th Amendment speedy trial right violation, **(Doc. 31)**, is **DENIED**.

An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 8, 2021**
21-90-01