**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | | **3:21-CR-90** |
| | : | |
| **v.** | | |
| | : | **(JUDGE MANNION)** |
| **DAHVEED DEAN,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

**I.    BACKGROUND**[1]

On March 8, 2021, the court issued a Memorandum and granted Dean's motion to dismiss the original indictment for violation of his rights under the STA, pursuant to 18 U.S.C. §3162(a)(2). (Doc. 117, 17-cr-15). The court held that the dismissal of the indictment was without prejudice to the government's right to re-indict Dean.

---

[1]The complete factual and procedural background of this case was stated in the court's March 8, 2021 Memorandum dismissing without prejudice the original Indictment against defendant Dean based on violation of his rights under the Speedy Trial Act ("STA"), pursuant to 18 U.S.C. §3162(a)(2). (Doc. 117, 17-cr-15, M.D. Pa.). *See also* September 8, 2021 Memorandum issued in the present case denying Dean's motion to dismiss based on his 6th Amendment speedy trial right. (Doc. 39). Thus, the background will not be fully repeated herein.

On March 30, 2021, a grand jury approved of a new one-count Indictment against Dean again charging him with assaulting a corrections officer at USP Canaan on July 15, 2016, while he was serving a federal sentence imposed in another case. (Doc. 1, 21-cr-90).

The court conducted the FPTC in this case on September 8, 2021, and the trial date is set for September 27, 2021.

On August 9, 2021, Dean filed seven pre-trial motions and motions *in limine*, (Docs. 25-31), and subsequently filed his briefs in support of his motions. (Docs. 32-36).

On September 1, 2021, the government filed its consolidated brief in opposition to all of Dean's motions. (Doc. 37).

On September 8, 2021, the court denied Dean's motion to dismiss based on his claim of a 6th Amendment speedy trial right violation. (Docs. 39 & 40).

The court will now address Dean's five remaining pre-trial motions. (Docs. 25-27, 29 & 30).[2]

---

[2]Dean filed two identical motions *in limine* seeking the preclusion of BOP Restraint Check Forms, (Docs. 28 & 29), however, his first such motion did not have the Exhibits attached. Thus, the court directed the clerk of court to terminate Dean's Doc. 28 motion.

## II.    DISCUSSION

### 1. Motion for Disclosure Pursuant to FRE 404(b) and 609

Dean filed a motion for disclosure of any evidence which falls under Federal Rules of Evidence 404(b) and Rule 609. (Doc. 25). Dean contends that under Rule 404(b) and Rule 609, he is entitled to receive from the government pre-trial notice of any other crimes, wrongs, or bad acts involving him that it intends to introduce at trial.

In response, the government represents that it "does not intend at this time to present any other evidence of prior bad acts of the defendant that would require disclosure under Rule 404(b)", and that if "any new evidence falling under the mandate of the Rule come to light, the government will immediately provide the appropriate notice." (Doc. 37 at 3). The government also states that "[t]o the extent [Dean's] motion seeks only notice as required by Rules 404(b) and 609, the government has no objection and will abide by the Rules of Evidence."

"The Rules of Evidence do not set forth a specific time frame within which the Government must provide Rule 404(b) evidence, "[r]ather, '[w]hat constitutes reasonable notice in advance of trial [pursuant to Rule 404(b)] is determined by the circumstances and complexity of the prosecution.'" United States v. Buckner, 2020 WL 211403, *6 (M.D. Pa. Jan. 13. 2020) (citations omitted).

Based on the above, the court will direct the government to produce all Rule 404(b) evidence of which it is aware and that it intends to offer at trial

3

by September 17, 2021, the date that the proposed jury instructions from the parties are due.

With respect to Fed.R.Evid. 609(b), the government states in its brief, (Doc. 37 at 2), that it is "providing notice to the defendant and the Court that, if the defendant testifies at trial, the government intends to introduce evidence on cross examination of his prior felony conviction[]", to impeach him and, that "[i]f Dean denies that prior conviction, the government reserves the right to call a rebuttal witness to introduce objective evidence of the conviction." The government also states that to avoid undue prejudice it "intends to introduce only the fact of [Dean's prior felony] conviction, and not the crime of conviction."

"Rule 609(b) provides that if more than ten years have passed since the witness's conviction or release from confinement, whichever is later, the party seeking to introduce the evidence of the conviction must 'give[ ] an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.'" Buckner, 2020 WL 211403, *7 (citing Fed.R.Evid. 609(b)(2)). "[T]he court can only order the government to provide advanced written notice of its intent to proffer any Rule 609(b) evidence, and not Rule 609(a) evidence", id., but, here, it is not clear if the government has fully complied with this notice requirement. If the government is referring to a prior conviction of Dean that is older than ten years, which is the only conviction for which the notice rule applies, id., the government's representation in its brief does not constitute sufficient notice,

i.e., notice including the charges and dates of conviction(s). Because Rule 609(b) requires only reasonable advance notice be provided the defendant, usually about ten days prior to trial, *see id*., the court will direct the government to give Dean sufficient notice of any convictions older than ten years regarding its Rule 609(b) disclosure by September 17, 2021.[3]

Thus, Dean's motion for disclosure pursuant to Rule 404(b) and Rule 609(b), (Doc. 25), will be granted to the extent stated above.

**2. Motion for Early Jencks Disclosures**

Dean moves for early disclosure of Jencks material, including the grand jury testimony of the witnesses the government intends to call at trial, and he requests that the court order the government to provide him with such material seven days prior to the trial.

In U.S. v. Yawson, 2014 WL 3401663, *3, (W.D. Pa. July 10, 2014), the court explained the Jencks Act:

---

[3]The court notes that a conviction over ten years old (measured from the date of conviction or release from confinement for the conviction, whichever is later), is generally not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantial outweighs its prejudicial effect." Fed.R.Evid. 609(b). Thus, convictions over ten years old are only to be admitted in exceptional circumstances and the Rule 403 balancing is reversed. Whereas under Rule 403 unfair prejudice must substantially outweigh the evidence's probative value, for convictions over ten years old, the probative value of the conviction must substantially outweigh the prejudicial effect.

The Jencks Act provides that after a government witness testifies, and upon motion by the defendant, the government must produce "any statement ... of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. §3500(b); United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). The purpose of Jencks disclosure "is to provide the defendant with an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." United States v. Maury, 695 F.3d 227, 248 (3d Cir. 2012). Pursuant to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, "the government has no obligation to produce Jencks material until the witness has testified." Maury, 695 F.3d at 248.

Thus, "there is no authority by which th[e] court can compel the government to provide Jencks Act statements prior to the time any government witness has testified on direct examination at trial." *Id*.; *see also* U.S. v. Grier, 2012 WL 5614087, *5 (W.D. Pa. Nov. 15, 2012) ("The plain language of the Jencks Act, 18 U.S.C. §3500, the overwhelming precedent ..., and our court of appeals well-settled position on the matter makes clear that the Court cannot mandate disclosure prior to the day on which the witness testifies at trial."); United States v. Bangaroo, 2017 WL 3495702, *17-18 (M.D. Pa. Aug. 15, 2017) (court held that "the case law makes clear that Defendant's request to supply the [Jencks] material [prior to trial] are premature, and cannot be granted."); United States v. Taylor, 2018 WL 1960669, *5 (M.D. Pa. April 26, 2018) (court denied defendants' requests for

6

early disclosure of Jencks material since the court has no authority to compel the government to disclose such material before the Act provides).

The court in United States v. Johnson, 218 F.Supp.3d 454, 459 n. 3 (W.D. Pa. 2016), noted that with respect to "the government's disclosure of information that falls solely under the Jencks Act", "[i]t is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination." (citing United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d. Cir.), cert. denied, 435 U.S. 955, 98 S.Ct. 1588 (1978) ). The court also noted, id., that "[a]lthough courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial." (citing Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140). Here, the government represents that it will voluntarily agree to disclose witness identities and provide Jencks statements and any criminal histories of witnesses at a reasonable time before trial. This court also encourages the government to provide the defendant with early Jencks material in order to avoid delays and give the defense adequate time to prepare for cross examination of government witnesses.

Additionally, the government, (Doc. 37 at 5), states:

[it] is in possession of no material discoverable under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), that is, evidence favorable to the defendant or in any way exculpatory. And the

government has already produced substantial discovery including over 200 pages of documents and photographs along with video evidence, much of which was in response to specific requests by previous defense counsel. Included in that discovery were multiple witness statements and reports prepared by the officers whom the government expects would comprise the bulk of the witness list at trial. Additionally, the government has facilitated the defense's request for an investigator to enter the facility and take measurements and photographs.

Thus, the court will **DENY** defendant Dean's request for early disclosure of Jencks material. (Doc. 26). The court will only direct the government to disclose all Jencks material at the appropriate time in accordance with the Act.

### 3. Motion for Disclosure Pursuant to Rule 16(a)(1)(G)

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), Dean moves for disclosure of the government's expert witnesses it will call to testify at trial. (Doc. 27). In particular, Dean seeks the government to disclose any expert witness, such as medical staff who examined and treated the alleged victim, CO Rosencrance, who will testify as to the "bodily injury" he allegedly sustained. Dean also seeks disclosure regarding any medical staff who will testify as to any injuries he suffered or who will testify that he did not sustain any injuries.[4]

---

[4] "A defendant is guilty under 18 U.S.C. §111(a)(1) if he 'forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title when engaged in or on account

Fed.R.Crim.P. 16(a)(1)(G) provides that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."

In response to Dean's motion, the government states that at the present time, "[it] does not plan to offer any expert testimony at trial. If circumstances change, the government will make all required disclosures at a reasonable time before trial." (Doc. 37 at 6).

Since the government is aware of its obligations under Rule 16(a)(1)(G) and represents that it has no expert witnesses to disclose at this time, the court will deny Dean's motion, (Doc. 27), as moot.

### 4. Motions *In Limine*

Dean filed two motions *in limine*, namely, a motion to preclude the government from offering any evidence regarding BOP Restraints Check Forms issued after the charged assault incident, (Doc. 29), and a motion to

---

of the performance of official duties.'" U.S. v. Davidson, 567 Fed.Appx. 90, 94 (3d Cir. 2014).

The court also notes that in U.S. v. Montalban, 604 Fed.Appx. 100, 103 (3d Cir. 2015), the Third Circuit found that in the trial where defendant inmate was convicted of assaulting a federal CO under 18 U.S.C. §111(a)(1), the district court did not err in allowing the prison nurse to testify as a lay witness under Fed.R.Evid. 701, based on her own personal observations, regarding her medical assessment, examination, and treatment of the CO after the assault.

preclude the government from offering any evidence regarding a Discipline Hearing Officer's, ("DHO"), Report for possession of a controlled substance issued against him at USP Canaan on the date of the alleged assault, (Doc. 30). Dean attached the Forms and DHO Report as Exhibits to his motions. Dean contends that the stated BOP documents are irrelevant and, that even if they are relevant, their probative value is substantially outweighed by their prejudicial effect since the events that transpired after the alleged assault on the CO and the fact Dean was issued a disciplined report for possession of a controlled substance have no bearing on whether the assault occurred. As such, Dean argues that the documents are excludable under Federal Rule of Evidence 403.

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213 (3d Cir. 1995); Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule

on motions *in limine* prior to trial." Ridolfi v. State Farm Mutual Auto. Ins. Co., 2017 WL 3198006, *2 (M.D. Pa. July 27, 2017). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

Specifically, the document at issue are: (1) "BOP Restraints Check Forms," on which prison staff recorded Dean's "obscene language, 'cursing and yelling,' 'spitting at a door,' [and] 'kicking a door'" for two days immediately after the alleged assault, (Doc. 29-2);[5] and (2) a "Discipline Hearing Officer Report for possession of a controlled substance" on the date of the alleged assault, which indicates that Dean "was subject to a random pat down search and had on his person a substance which tested positive for amphetamines and received discipline", (Doc. 30-2).

The government has responded to both motions. As to the first motion regarding the BOP Restraints Check Forms, the government states that "[a]t this time, the relevance of [Dean's statements] is unclear, and [it] does not intend to offer [Dean's statements] in its case in chief." It further states that "[if] the defendant offers evidence at trial that would render this evidence

---

[5]As Dean states in his brief, (Doc. 34 at 1), "[a]fter the alleged [assault] incident, the Defendant was placed in a restrictive housing or detention unit, restrained and monitored by BOP staff, every 15 minutes, and recording their observations of the Defendant from July 15, 2016 at 2:30 p.m. through July 17, 2016, which notations were made on a form captioned "15 Minute Restraints Check Forms."

relevant as rebuttal or for cross examination or impeachment purposes, the government reserves the right to use it accordingly." (Doc. 37 at 7).

As to the second motion regarding the DHO Report and a July 15, 2016 Incident Report, the government states that it "has no intent to offer [the Reports] as evidence in its case in chief. Nor does [it] intend to offer any evidence that the disciplinary action related to [Dean's] possession of a controlled substance." (Id. at 8). The government states that it does "intend to present witness testimony that the [correction] officers involved were in the process of delivering an unfavorable decision from an administrative disciplinary proceeding, unrelated to this case, to which [Dean] reacted in anger and struck the victim officer." (Id.). However, the government states that it "reserves the right to use this evidence, in its entirety, if appropriate, in accordance with the Rules, in rebuttal or on cross examination." (Id. at 9).

As the court held on June 12, 2019 when ruling on identical motions *in limine* Dean filed in his first criminal case, that was later dismissed by this court without prejudice, "[s]eeing as the Government represents it does not intend to introduce the challenged documents into evidence, there is no need for [the court] to rule on their admissibility at this time." The court then deferred ruling on Dean's motions *in limine* until the time of trial. (Doc. 98 at 4-5, 17-cr-15).

No doubt that "[a] trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. Pa.

12

2017). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). Pursuant to Fed.R.Evid. 403, the court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Third Circuit has cautioned that the exclusion of potentially relevant evidence pursuant to Rule 403 is an "extreme measure" at the pre-trial stage. Hines v. Consol. Rail Corp., 926 F.2d 262, 274 (3d Cir. 1991).

Additionally, evidence should rarely be excluded *in limine* pursuant to Rule 403 because "[a] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1999).

As such, the court will again defer ruling on Dean's motions *in limine* until the time of trial. However, the court will allow the government to present testimony that during the relevant time of the charged assault offense the correction officers were delivering to Dean an unfavorable decision from an unrelated administrative disciplinary proceeding at USP Canaan since this evidence is relevant to the elements of the assault charge and, for purposes of providing context, i.e., to  paint the picture for the jury as to the surrounding

13

factual circumstances that lead to the alleged assault incident. *See e.g.* Carvalho v. Bledsoe, 2019 WL 4962973 (M.D. Pa. Oct. 8, 2019) (in civil rights action in which prisoner asserted excessive force claim court denied prisoner's motion *in limine* to preclude Warden from introducing evidence of his disciplinary issues while incarcerated since the evidence was relevant to the inquiry of whether the force used against the prisoner was reasonable under the circumstances). The court will also give the jury an appropriate instruction regarding such evidence.[6]

## III.    CONCLUSION

Accordingly, Dean's motion for disclosure pursuant to Rule 404(b) and Rule 609(b), (Doc. 25), will be granted to the extent that the government will

---

[6]Specifically, the court will give the jury an instruction regarding their limited consideration of the above stated evidence such as follows: Defendant Dean is not on trial for committing this other act. You may not consider the evidence of this other act as a substitute for proof that defendant Dean committed the crime charged. You may not consider this evidence as proof that defendant Dean has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because defendant Dean may have committed another act, he must also have committed the act charged in the indictment. Remember that defendant Dean is on trial here only for the charge in the indictment I have described for you, not for these other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

be directed to produce all Rule 404(b) evidence of which it is aware and that it intends to offer at trial by September 17, 2021, and to the extent that the government will be directed to give Dean notice of any convictions older than ten years regarding its Rule 609(b) disclosure by September 17, 2021. Dean's motion for early disclosure of Jencks material, (Doc. 26), will be denied. Dean's motion for disclosure of expert witnesses under Rule 16(a)(1)(G), (Doc. 27), will be denied as moot. Dean's motions *in limine*, (Docs. 29 & 30), will be deferred until the time of trial. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 10, 2021**
21-90-02

15